The next case on the calendar is Davidson v. Desai. Good morning. May it please the court. Kevin Mulrey from Farrell Fritz for the appellant Ronald Davidson. In this appeal, the respondents agree that the district court committed legal error when it denied Mr. Davidson the right to attend his federal civil rights trial in Buffalo. Davidson was a state parolee in New York City at the time of his trial and he sought to exercise his due process right to attend that trial. Davidson petitioned, he could not get permission from his parole officials in New York City to allow travel, and he petitioned the district court for an order requiring the parole officials in New York City to allow him to travel. The district court denied this request, erroneously concluding that it didn't have jurisdiction. Davidson then petitioned for a hearing relying on this court's precedent in Davidson v. Riley, which was a Second Circuit case involving this very appellant, Ronald Davidson, asking that there be a hearing where the parole officials would have to explain why he should not be permitted to travel. The district court again denied relief, deciding it did not have hold a hearing to inquire why the request was not being granted or even whether the request was being considered or addressed. And as a result, Davidson was not able to leave New York City, was not able to attend his five-day trial in Buffalo. The respondents either agree or concede or do not argue against the primary legal arguments that appellant has made. Davidson had the due process right to attend his civil rights trial. The district court had the authority to compel parole officials to allow him to travel and fail to exercise it or consider that question. The district court should have compelled the state parole officials to allow him to travel or at least to explain or at least hold a hearing as to what the facts and circumstances were. But through this all, the district court admitted that it did not know the reasons that Davidson was not being permitted to travel. And the district court did not seem to show a lot interest in finding out why he was not being permitted to travel. Now, the state defendants don't contest those legal errors by the district court, but they argue that those legal errors should be ignored because the district court provided Davidson with meaningful access and because Davidson did not demonstrate substantial prejudice. Those arguments we submit should be Davidson was not there. He was a party plaintiff. He couldn't be at his trial. He wanted to be at his trial. He was not allowed to do that because of state action, because of the parole officials. And the court did not grant, did not address his order, did not address his request for hearing. So he couldn't be there in real time, talking with his attorney, listening to the witnesses, seeing the testimony as it developed and as it came in, looking at the credibility issues that were before the court. He did have phone contact, but that was intermittent. It was ineffective. It was something the court's clerk had recognized could be a problem. When this was addressed at a pretrial conference, the clerk said the cell phone call could drop. I won't know that. That's exactly what happened at this trial. Mr. Davidson had some phone contact, but it was certainly not meaningful access for him. Also, he was only able to talk to his attorney at breaks and sometimes not able to do that, even that. And sometimes after he was not able to hear the witness's testimony. So we submit that he did not have meaningful access to the trial and he was prejudiced. Now, the state- Before I further develop the prejudice point, can I just ask, did Davidson really petition the district court for a writ of habeas corpus ad testificandum? I mean, I read the motion that was filed as a motion to say this court should order the parole board to allow Davidson to come to Buffalo and it asks separately for coverage of travel expenses. But if you're getting a writ of habeas corpus, then he's going to be brought to the courthouse by the government, isn't he? I mean, it doesn't seem like the relief that was being requested in that motion matches up with what the writ that you're describing would provide. Well, the writ and cases have not addressed the writ of habeas corpus in very many instances where you're talking about a person who's on parole. It's generally a person who is in prison. And as you say, prison officials have to bring the person to court. Now, in a parole situation- Right. So if the district court here issued a habeas corpus ad testificandum, isn't that what would have to happen? That in the first instance, or perhaps the parole officials could have contacted the court. They would have an opportunity to move to quash or to address the circumstances. They would have had the opportunity to address the court and say- No, no, I understand. I'm not asking about the burden on the parole officials. I'm asking whether this motion is... I mean, was that really a petition for a writ of habeas corpus? I mean, he said he wants this relief that doesn't seem to match up with what a writ of habeas corpus would provide. And at the same time, in the same motion, doesn't he simultaneously offer to appear by video conference from the Southern District courthouse? Two things on that. First, on the issue of the writ, it was not styled specifically as a writ of habeas corpus ad testificandum, but it was seeking essentially that relief. And the court essentially said, I have no jurisdiction to even look at this question. I have no jurisdiction at all, which is not correct. The court had jurisdiction to issue- But you're saying that even though there wasn't actually a petition for a writ of habeas corpus, the court should have, you know, sua sponte, decided to issue such a writ or hold a hearing on whether to issue such a writ. Is that your position? Yes, our position is that the writ of habeas corpus was within the court's ability to render a decision within the context of- Yeah, but even if it's within the court's ability to issue, if Mr. Davidson doesn't in fact petition for such a writ, why is it erroneous for the district court not to issue one? Well, here the court made no efforts to assist this parolee who was not being able to appear for his trial because of state action. And also, this is the state department that the parole officials were under, the same state department that the defendants in the case who were represented by the attorney general's office were under. And the state attorney general certainly had the opportunity, could have found more information, provided that to the court. The state attorney general's office made no efforts also to- All right, more information about what? Oh, I'm sorry, Your Honor, I missed that. The state officials should have provided more information about what? Well, the court, it's the error by the court. But it is relevant that the state attorney general's office was representing parties and took no action to- Okay, well, let's focus on the court. So there wasn't a petition for the writ of habeas corpus, but you think the court should have nevertheless considered issuing one. Now, under 28 U.S.C. 2241 C5, which authorizes him to do that, he has to find that the writ is necessary, right? So if in the same motion, Mr. Davidson is saying, I want an order that would allow me to come to the trial, or I should appear by videoconference from the Southern District Courthouse, if that is a possibility, and that's in fact what happened, then on what basis would the district court have found that issuance of the writ was necessary? Well, Your Honor, I would argue that that was Davidson did suggest a video hookup for the entire trial. And that is not what happened. What happened was the first day where he was testifying, there was a video link. For the remainder of the trial, there was no video link. He was on a cell phone. And this was the situation exactly that the clerk of the court had posited that he is going to miss some of the testimony. But the record does seem deficient before the district court to show that the only way to provide meaningful access is in-person presence for every single day of the trial, given the ambiguity in the motion. Or I'm misunderstanding. I mean, Mr. Davidson himself is saying it would be okay, it would be adequate to have video presence. He had that video presence for his own testimony and for the first day of trial. And it doesn't seem established on the record that there was a necessity for in-person presence to provide meaningful access here. So what am I misunderstanding? We submit there was. This is a federal civil rights case. The defendants testified in the subsequent days of the trial. And Mr. Davidson was not able to hear much of that with respect to the superintendent. He didn't hear his testimony. He didn't hear significant portions of the deputy superintendent's testimony. Right. Yeah. So I understand that he had a problem with his cell phone, but then didn't the district court allow for recross that was outside the scope of the original direct so that he'd have to consult with his attorneys before the witnesses were dismissed and ask any questions that might come out of his consultation with his attorneys? He did have limited ability to speak with his attorney at break, but certainly nothing approaching what he would have had if he was actually there in person hearing the testimony. What would he have done? So we now have the full trial record. So what reaction to the testimony would he have had in the moment that would have made a difference to the outcome of the trial? Well, we submit that this analysis of prejudice is a burden that's put on, that the state wants to put on Mr. Davidson. Excuse me, you have one more minute. Thank you. We submit that in this situation where the district court took no steps. And again, in addition to the motion or an order, there was a request for a hearing at which the parole officials would have to explain why he was not being permitted to travel. So it was not just the denial of the order, which we submit was error. It was also the denial of the hearing, which was based on this court's precedent in the Davidson and Riley case, a case involving this very appellant. And there... Can I ask one other question? So there is a requirement in the law that before granting a writ of habeas corpus, there needs to be an exhaustion by the petitioner of state permission to travel or that would allow him to come to his trial before going to the district court to ask for a writ of habeas corpus, or at least what you think should be construed as a request for a writ of habeas corpus. Yes, he did make those efforts. And that is before the district court. His attorney outlined that Mr. Davidson had made efforts to go through his any permission, and he was not getting any reasons as to why he was being denied permission. So we think that would satisfy. Where in the record should we look for that? That would be in the application by Mr. Brady. And what I can do is I can find that for you. I'm trying to find it right now, but it would have been his pretrial application before the district court with respect to the request issuing an order to the parole officials. Perhaps. I mean, your time has expired and you could use some rebuttal time, but if you wish to reserve it, perhaps you could find the precise page. Yes, I will do that. And tell us on rebuttal. I would appreciate that. So we'll hear from Mr. Brady. Good morning, Your Honors. Frank Brady on behalf of the appellees. Not to be confusing, there are three Brady's in this case. There were two Brady's at the trial level representing Mr. Davidson. No relation. They were related, however. They were. So in the district court, the appellees did not oppose requests for an inquiry into the parole board's travel restriction. The state attorney general's office was representing just individual defendants in this 1983 action. They weren't representing any agency per se. Appellees had really no reason to take a position either way. This course has asked counsel to address whether the district court had authority to compel a state parole board to allow a parolee to travel to attend a civil trial. Like appellant, we found no cases directly on point, which suggests that parole boards generally do not restrict parolees from traveling to their civil trials. In any event, we do agree that a district court would have the authority to issue a writ of habeas corpus ad testificandum to inquire whether a state parole board is restricting a party's travel and the basis or need for that restriction. The court would have the authority to direct a parole board to ease a travel restriction after it balanced the party's need to be physically present against the security concerns, if any, expressed by a parole board. So we think the court had the authority to inquire about the travel restriction, but we think any error in this regard, if it was error on the facts here, it's not really clear. He never really asked for a writ of habeas corpus ad testificandum, but if there was any error, it was certainly harmless here because the court provided appellant with meaningful access to the trial. The court accommodated the appellant's desire to participate first by arranging for him to testify by live video from the southern district. Appellant's testimony was given by video without a hitch. In addition to his attorney representing him in the courtroom in Buffalo, he had an attorney by his side in New York City. The court also accommodated, now that arrangement could not be extended. The record indicates that the officials at the southern district were not going to allow the appellant to stay there by himself. Excuse me, you have one more minute of your three, initial. Thank you. Appellant's co-counsel, Brady, who had been there with him for the first day, indicated that he could not stay for the rest of the week for the trial. So it was arranged that the appellant would call in and listen to the testimony. There were six defense witnesses who testified in person at the trial. There were problems, admittedly, as to two of those witnesses. There were telephone issues affecting the appellant's ability to hear their testimony live. That would be Floyd Bennett and Calvin West. Appellant missed Bennett's direct examination and part of his cross-examination. But nevertheless, appellant had an opportunity to consult with his attorney before Bennett was cross-examined. And then again later, after another phone problem arose, he had an opportunity to consult with his attorney just prior to the conclusion of the cross-examination. And the second witness, Calvin West, the appellant did miss a lot of his testimony, both direct and cross. Can I just go back to a basic question? So your opposing counsel mentioned a moment ago that Mr. Davidson had a due process right to attend the trial. I mean, do you agree that there is a due process right to attend a civil trial? No, I think it's a right to access, to have access to the trial. In Stone v. Morris, it was articulated as a right to access the trial. As long as an attorney can petition the courts about matters in controversy, the right of access is satisfied. This should not be confused with a right to be present, which would be a greater right involved the confrontation clause if this was a criminal proceeding. But in a civil proceeding, you shouldn't exclude somebody arbitrarily from their trial, especially if they want to participate. But it's not a due process right to be present. Why isn't this an arbitrary exclusion by definition if the district court did not believe it had any authority to ensure in-person presence? Because the court recognized, although the court, I think, was mistaken in thinking it didn't have jurisdiction to exercise here, it wasn't arbitrary because the court tried to honor the appellant's desire to participate in this trial and to testify under the most optimal conditions, which as far as the testimony in the live video feed of the district, the appellant waived any claim that that's a problem. He agreed to that procedure and he asked for it in the motion. But he didn't get it. All he got was his testimony. He didn't attend the trial by video. No, no. So you may have, this is paragraph 21 of the Brady affidavit at joint appendix 75. My client has indicated willingness to attend the trial by video. That was not on it, right? No, not in full. We're talking about, excuse me, we're talking about a potential waiver. His waiver was to with regard to his personal attendance as long as he could attend the trial by video. And I've just read the Brady affidavit again. The problem originally was with the fact that they viewed this as they couldn't get a parole officer to speak to them. And they couldn't get any responses. And it was couched in the context of parole officer consent. And so they were seeking assistance with that. And in fact, they specifically asked for an order the court directing his client be allowed to attend the trial. I mean, they didn't use the word habeas corpus testicondum, but I'd like, I'm not certain I could spell that. But in any event, so he was asking the court to order it. And Scrutiny says, I don't have the authority. He's wrong. And so how does he exercise his discretion when he's flat nuts wrong on the law? Well, I would be how, how he exercised discretion when he's wrong on the law. He had the authority to quote order for an order directing the client be allowed to attend the trial. Oh, didn't he? Oh, that was. I think he gets he I think he had authority and he had the pro bono lawyer, a pro bono lawyer appointed by the court trying to help Mr. Davidson. And he and he does this affidavit. He he he recites how he contacted the probation for the parole officers. They identified a halfway house to halfway houses where he could stay in the Buffalo area. He identified the cost of hotels and asking the court to perhaps consider using one of the court funds with regard to that. Not saying that the court had to do that. I'm not suggesting that at all. But the court the court's response is I don't have the authority. Yes, I think that was I think the court did have the authority. But if the question is what what discretion the court exercise thereafter, the court, you know, made efforts. I think the record shows that the courts exercise that discretion in the context of deciding that it couldn't do something. And then and then it considered alternatives after that. But shouldn't it have shouldn't have first considered what it could do? And what are and what of the decisions after that? I think I think the court should have inquired. I think the court had the authority to inquire. I don't think there's you know, we're we're not arguing about that, you know, and we respect to the waiver. I didn't mean are we not arguing about that? You said a moment ago that it wasn't clear that he asked for the writ. So this is I asked the same question to his counsel. So was this motion of petition for a writ of habeas corpus ad testificandum? Do you do you concede that? I mean, is that I mean, was enough to trigger the court's jurisdiction? And absolutely. Was this was this a enough to for a writ of habeas corpus ad testificandum? You know, we don't know. I don't know. Because the trial judge, the trial judge never, never weighed. You know, I haven't argued this. But you know, frankly, the showing here, I think he probably should have made more of a showing that he actually had exhausted his administrative remedies. He doesn't come forward with any kind of decision from parole authorities. The only the only thing that I wrote a letter would respond to, wait a second, he said no one would respond to him. I know. He clearly says I emailed people. Well, Davidson, I think was a bit difficult to because Davidson at one point in time, didn't want his parole officer to speak to his own lawyer because he claimed that he had lied to him. Well, that's in paragraph 14. But he emailed the supervisory parole officer to request his assistance. And the only response he received was from Davidson, who had written to the parole supervisor telling him to ignore my email and claiming that I had made false statements to the parole officers. So he undercut obvious obvious why the parole officer is not responding. The parole officer might be responding to Davidson, I suppose. But is there any evidence that Davidson went to the state court today? You know, my parole is being enforced improperly such that prevents me from reaching attending my trial or anything like that. There's no evidence that he made any application in state court. He presented the court with no evidence that of a decision that he received from parole authorities. You know, it's it's it's you know, we haven't argued this, but you know, frankly, it's not clear that he made enough of a showing for the issuance of And am I right and help me understand the record. Am I right that in the when his attorney says I did I emailed I reached out to parole officers. On that occasion, he also affirms that Davidson himself interjected himself and told the parole officers not to respond. Yes, that's in the council's motion. Yeah. So he undercuts his own if this was an are we evaluating this record's decision. So if he didn't actually petition for the wit, then we're talking about plain error. Right. But if he did, and the district court denied it, then we're talking about abuse of discretion, some different standard, right, that what do you think is the standard that governs our review of the district court here? Well, I think for that, I think you could actually, you know, you could actually, like Davidson, the first Davidson versus Riley is so helpful. I think the question is whether or not this, this decision, this or lack of decision, this error, impacted the trial, you know, and, and because the court then went on to try to accommodate him accommodate the upon as much as possible by whether the court abused its discretion, then don't you get back to judge Wesley's point that the district court here thought it didn't have the discretion and never exercised any discretion. So I don't have the authority to do this. But in fact, if he was being asked to do something that he did have the authority to do, then isn't that an abuse of discretion to deny that you have the discretion? Would it be abuse of discretion to deny you have the discretion? I think, I think it's just a legal error. I don't I don't think you would review it as an abuse of discretion. He just didn't exercise that discretion that he had to make this inquiry assuming had been made. He didn't, he didn't make this inquiry. But if the district court didn't exercise his discretion, then wouldn't we normally send it back to the district court to do that? In the first instance? I think you could do that. But it's not necessary here, because the court there on went out to went on to accommodate his right of access to the court by by arranging for the testimony by video, and by arranging for this telephonic communication where he spoke to his attorney. During the testimony of each witness, no witness let the stand before he was even consult with his attorney, and his attorney often posited more questions based on on those conversations. I don't see how this impacted the trial. The position that there, there may have been there was a legal error, he failed to exercise his discretion, but it did not result in the denial of meaningful access to the court. So there would be no need to send it back. Yes, and he's not really able to articulate any prejudice, you know, now with the benefit of the, you know, assuming Mr. Mr. Davidson missed parts of the testimony, we know that, but even now he's got the transcript, he hasn't articulated how Wow, gee, if I if I, if I'd known that so and so testified about this, I would have gone down this road, or, you know, I would have suggested this. So he can't, because in fact, the fact is, is that he had an opportunity to consult with his attorney about the substance of each witnesses testimony. And remember, it's only two of the four witnesses that he doesn't, we usually say that it's important to assess the credibility of a witness to be able to see their behavior on the stand. And so if Mr. Davidson is limited to listening in on the phone, doesn't that limit his ability to assist with attorneys and providing him a defense? I mean, it's important for the court, obviously, in this bench trial, to, to, to assess witness credibility. I'm not sure how important it is for, for, for Mr. Davidson to do that. And he's got his, he's represented, you know, by two attorneys often during the trial. So I, you know, yes, he wasn't there for parts of it, it wasn't perfect. But, you know, we're talking about whether or not he had access to the court, and was able to participate with his counsel, and, and, and, and state grievances, you know, at any time, you know, all that all that occurred, even if the court erred at that initial initially. Thank you, Mr. Brady. If the court doesn't have anything else, I think that made all my points. Go here, Roberto. Okay, thank you, Your Honor. With respect to the site, one of the other judges has mentioned the Brady affidavit is at pages 870 to 75 of the record. Also, Mr. Davidson addresses the court at pages 897 and 98 of the record to say he has not been given permission to travel. With respect to the issue that was raised of the due process and the right to attend a civil trial, pages 14 and 15 of our opening brief addresses that issue. And it is correct that courts have recognized that the right to attend a civil trial is not absolute. And it does address it in terms of denial of access to the court. In the Stone v. Morris case, the Seventh Circuit said the fact that there is no constitutional right to be present in a civil action does not sanction the summary exclusion of a plaintiff's prisoner from the trial of his prison-connected civil rights claim. That's at the heart of what we're arguing here, that the court was incorrect on whether it had jurisdiction to address issuing an order to the parole officials. Excuse me, you have one more minute. I'm sorry, Your Honor? You have one more minute. Oh, thank you. It never got to the question of exercising discretion or weighing the benefits of whether the prison officials were right or wrong. So it did completely fail to exercise discretion, and we would say that is an abuse of discretion. There's also the issue of hearing. In addition to the order, Mr. Davidson's attorney asked for a hearing under Davidson against Riley. And Davidson against Riley, we think, is very analogous in this case, because in that case, this court held that the district court had abdicated its responsibility to make a decision and exercise discretion by relying exclusively on what the state prison officials said about Mr. Davidson. Here, the court did the same thing. It abdicated its responsibility. But the state prison officials didn't say anything, right? They just didn't respond. So it's not like he's relying on any representation from the state prison officials. Right. But I think it's what this court referred to as an abdication of responsibility to make a decision and exercise discretion. What the district court here was it didn't know, it didn't inquire, and the district court assumed the parole officials must have some reason, and I'm going to let them decide. So we think that was a complete refusal to exercise discretion. In that case, also, as here, the court did not conduct a hearing, and we argue that the judge failed to make a substantial effort to minimize the prejudice. So what this, we believe, comes down to is that the court was concluding that it didn't have jurisdiction, it didn't have a need to understand why this party plaintiff, who was being denied the ability to be in court because of state action, why he should not inquire, why he should not provide this plaintiff his fair day in court. When the district court said it didn't have jurisdiction to issue the sort of order that was being requested in the motion, did anybody, did Mr. Davidson's counsel say to the district court, you have this authority, it is a writ of habeas corpus at testificandum? The argument was not made with that specificity, no. It was not, as we discussed earlier, it was not labeled a request for writ of habeas at testificandum, but we believe that the court erroneously refused to exercise any jurisdiction with respect to the request, and we believe that the request for the writ can be read within the application that was made by trial counsel. There are questions from the court. I'll rely on the briefs for the remainder of the argument. Thank you both. Very good arguments. Thank you again, and that concludes the argued portion of the calendar for this morning, so I'll ask the clerk to adjourn court. The court stands adjourned.